{¶ 1} For the reasons that follow, I believe that, as a matter of law, Eric Nicholas is not an insured under the automobile insurance policy at issue in this case. As a result, I must respectfully dissent from the judgment and opinion of the majority.
{¶ 2} The record reveals that David Nicholas and Jesse Stahlman purchased a 1976 Buick LeSabre for transportation to and from work. In their depositions, both Jesse Stahlman and David Nicholas averred that they had not discussed whether family members were permitted to drive the car; however, both men stated that the car was purchased with the understanding that it was going to be driven by them, for work only. In his deposition, Jesse Stahlman stated that the men agreed that "[t]he car was strictly for work, traveling back and forth."
{¶ 3} As noted by the majority, the LeSabre was titled in Jesse Stahlman's name and covered by an automobile insurance policy issued by State Farm to his wife, Rachel Stahlman. This policy defined an insured, in relevant part, as "you," "your spouse," and "any other person while using the car if its use is within the scope and consent of you and or your spouse." Clearly, Rachel, who was listed as the primary insured, and Jesse Stahlman fall within the purview of an insured. Additionally, by virtue of the agreement between Jesse Stahlman and David Nicholas, whereby the cousins purchased and maintained a Buick LeSabre to use for traveling together to job sites in other states, David Nicholas is also an insured under the policy. The issue presented is whether David Nicholas' son, Eric, is also an insured under the terms of the policy.
{¶ 4} Under the clear and unambiguous language of the policy, State Farm has no obligation to provide liability coverage to Eric Nicholas, unless his use of the vehicle "is within the scope and consent of [Rachel Stahlman] and or [Jesse Stahlman]." The record reveals that neither Rachel nor Jesse Stahlman consented to Eric Nicholas' use of the LeSabre. To the contrary, the record shows that the LeSabre was purchased with the understanding that Jesse Stahlman and David Nicholas would be driving it for work purposes. Since the cousins did not discuss whether additional persons could use the car, it is clear that neither Rachel nor Jesse Stahlman consented to Eric Nicholas' use of the vehicle.
{¶ 5} In West v. McNamara (1953), 159 Ohio St. 187, the court noted that where an automobile policy contains the language, "`provided the actual use of the automobile is with the permission of the named insured,' it means the use to which the vehicle is being put at the time of the accident must be with the permission of the named insured." West,
at 196-197, citing Gulla v. Reynolds, 151 Ohio St. 147. In this case, there is no indication that Rachel Stahlman, the named insured, ever gave Eric Nicholas permission to use the LeSabre or knew that he would drive it.
{¶ 6} In light of the agreement that the LeSabre was only to be used for work transportation, I cannot conclude that it was within the contemplation of either the named insured, Rachel Stahlman, or her spouse, Jesse Stahlman, that David, a permittee, would authorize his son to drive the car. This conclusion is supported by David's testimony during deposition that he had used the LeSabre once a week to run to the store, but had never told Jesse Stahlman. He further averred, that to his knowledge, neither Rachel nor Jesse Stahlman were aware that he drove the car for personal use. Under the facts of this case, I must conclude that Eric Nicholas was not an insured within the protection of the policy. Accordingly, I would affirm the judgment of the trial court.
{¶ 7} For the foregoing reasons, I respectfully dissent.